UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X          16-CV-3738

GENOVEVA MARTINEZ CANO,

                            Plaintiff,          JURY TRIAL
                                               DEMANDED

        -against-

                                               **COMPLAINT**

THE CITY OF NEW YORK, and POLICE OFFICERS
JOHN DOE 1 and 2 of the 114th Precinct, individually and
In their official capacity, (the names John Doe being fictitious,
As the true names and numbers are presently unknown),

                                                 ECF CASE

                                Defendants.

------------------------------------------------------------------X

        Plaintiff **GENOVEVA MARTINEZ CANO**, by her attorney CHRISTOPHER

H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I.      PRELIMINARY STATEMENT

1.      Plaintiff GENOVEVA MARTINEZ CANO, ("Plaintiff"), brings this action for

compensatory damages, punitive damages, and attorney's fees pursuant to the statutory

and common law of the State of New York for false imprisonment and negligence.

2.      Plaintiff also brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her

civil rights, as said rights are secured by said statutes and the Constitutions of the State of

New York and the United States.

## II.  JURISDICTION

3.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

4.  Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III.  VENUE

5.  Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and §1402(b), where the plaintiff resides and the defendant CITY of NEW YORK maintains its relevant places of business, and where the majority of the actions complained of herein occurred.

## IV.  JURY DEMAND

6.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V.  THE PARTIES

7.  That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Queens, City and State of New York.

8.  That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9.    That at all times hereinafter mentioned, the defendant, the NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

10.    That at all times hereinafter mentioned, defendants NEW YORK CITY POLICE OFFICERS JOHN DOE ("JOHN DOES") 1-2 were and still are employed by the NEW YORK CITY POLICE DEPARTMENT.

11.    That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the CITY OF NEW YORK on behalf of the plaintiff within the time required by General Municipal Law §50(e) on July 6, 2015.

12.    That on or about September 21, 2015, a hearing was conducted by the CITY OF NEW YORK pursuant to General Municipal Law §50(h).

13.    That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

14.    That at all times hereinafter mentioned, all of the actions of the individually named defendants alleged herein were done within the scope and course of their employment with the New York City Police Department.

15.    That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI.    STATEMENT OF FACTS

16.    On or about the date of April 7, 2015, at approximately 8:30pm, plaintiff GENOVEVA MARTINEZ-CANO ("plaintiff" or "MARTINEZ-CANO") was lawfully

inside her residence, located at 35-38 11th Street, Apartment 1F, in the neighborhood of Astoria, Queens, New York.

17.     On that date and on that time, plaintiff called 911 to request police intervention in a non-violent domestic dispute with her husband, Victor Espinoza.

18.     Thereafter, officers of the New York City Police Department's 114th Precinct, "JOHN DOE 1" and "JOHN DOE 2" responded and came to plaintiff's residence.

19.     Plaintiff explained her situation, namely that she was in extreme emotional distress due to her marital troubles. In response, defendant "JOHN DOE 1"—upon information and belief, a dark skinned Latino male in his early 30s—began to berate and verbally abuse plaintiff for making the 911 call and for reading text messages on her husband's phone.

20.     Further, JOHN DOE 1 then announced that he would be arresting plaintiff for "invading the privacy" of her husband," then placed her in handcuffs, escorted her to his police car and drover her to the 114th Precinct.

21.     Upon information and belief, defendant officer JOHN DOE 1 charged plaintiff with harassment, assault, and/or other "domestic violence" related offenses.

22.     Thereafter, plaintiff was taken to Queens County Central Booking and held overnight.

23.     Plaintiff explained to the staff at Central Booking—officers of the New York City Police Department or other agents of the City of New York—that she suffered from diabetes and hypertension and required her prescription medication, yet nothing was done to address her condition.

24.      Plaintiff's husband came to Central Booking with her prescription medication, and asked that she be permitted to take her medicine. This request was denied.

25.      During her incarceration, plaintiff became dizzy, nauseous and disoriented, due to the lack of her necessary medication.

26.      The next day, as plaintiff went to have her pre-arraignment interview with her attorney from the Legal Aid Society, she lost her balance, fell, and struck her head against the wall of the interview room and again on the floor.

27.      Plaintiff regained consciousness, and rather than wait to get medical attention in Central Booking, thus prolonging her incarceration, she elected to go through with her arraignment in order to be released.

28.      Plaintiff was offered, and accepted, an Adjournment in Contemplation in dismissal for all of the charges leveled against her by defendant officer JOHN DOE 1.

29.      Plaintiff has had to undergo a series of medical treatments for the injuries she sustained in Central Booking, including treatment for neuro-psychological and audiological conditions, from which she still suffers to this day.

**FIRST CLAIM FOR RELIEF**:
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**

30.      Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

31.      At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

32.     All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

33.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34.     The acts complained of were carried out by the aforementioned individual defendants, in particular JOHN DOE 1, in his capacity as police officer, with all of the actual and/or apparent authority attendant thereto.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of said department.

36.     The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. §1983 and
## FALSE IMPRISONMENT UNDER STATE LAW

38.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

39.     Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

40.     As a result of the aforesaid conduct by defendants JOHN DOES 1 and 2, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

41.     Plaintiff was conscious of this confinement and did not consent to it.

42.     By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the law of the U.S. Constitution and the Constitution of the State of New York.

43.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

44.       As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

### THIRD CAUSE OF ACTION:
### FAILURE TO INTERVENE AGAINST
### JOHN DOE 2

45.       Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46.       Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct—namely JOHN DOE 2—had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47.       Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

48.       As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged

### FOURTH CLAIM FOR RELIEF:
### NEGLIGENCE

49.       Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

50.       Defendants negligently caused emotional distress, psychological harm, physical injuries, and damage to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws an Constitution of the state of New York.

51.     Further, plaintiff was denied necessary medication and medical care, despite defendants being fully on notice of her need for this medication. With intentional malice and/or in reckless disregard or plaintiff's health and constitutional right to proper medical care while in custody, defendants repeatedly refused to provide plaintiff with her needed medication.

52.     As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

### FIFTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY UNDER MONELL ARISING FROM UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983

53.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54.     Defendants JOHN DOES 1 and 2, arrested and detained plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

55.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

56.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs,

policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of officers of said department.

57.     Further, the municipal policy makers knew or should have known about the lack of proper medical care for certain detainees, and/or the pattern and practice of acting with a reckless disregard of the medical needs of said detainees. The municipality has not taken any corrective action to remedy this practice.

58.     As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

59.     As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of her civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to her reputation and her standing within her community.

60.     As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a.  Compensatory damages;
    b.  Punitive damages;
    c.  The convening and empaneling of a jury to consider the merits of the claims herein;
    d.  Costs and interest and attorney's fees;
    e.  Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
July 5, 2016

Respectfully submitted,

**The Law Office of
Christopher H. Fitzgerald**
*Counsel for Plaintiff*


_____/s/_____
By: Christopher H. Fitzgerald, Esq.
(CF7339)
233 Broadway, Suite 2348
New York, NY 10279
(212) 226-2275